

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| CARNIE NORRIS,<br>　　　Petitioner,<br><br>vs.<br><br>CHARLES WILLIAMS, *Warden*,<br>　　　Respondent. | §<br>§<br>§<br>§　　CIVIL ACTION NO. 8:21-3353-MGL-BM<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO ALTER OR AMEND**

**I.　INTRODUCTION**

Petitioner Carnie Norris (Norris) filed this 28 U.S.C. § 2254 petition against Respondent Charles Williams, Warden (Williams). But, "[t]he writ . . . [should] be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

Inasmuch as Norris is now incarcerated at Perry Correctional Institution, where Curtis Earley is the warden (Earley), Earley is the proper respondent in this action. Therefore, the Court will direct the clerk of court to substitute Earley for Williams. *See* Fed. R. Civ. P. 25(d) (allowing for the automatic substitution of parties).

Norris was representing himself when he filed his petition and motion to alter or amend.

The matter is before the Court for consideration of Norris's motion to alter or amend the Court's Order dismissing without prejudice Williams's motion to dismiss, construed as a motion for summary judgment, Norris's motion for an appeal bond, and Norris's motion for summary judgment.

In addition, the Court denied Norris's requests for a hearing and for the appointment of counsel. The Court also stayed the case.

Having carefully considered Norris's motion to alter or amend, Williams's response, the record, and the relevant law, the Court will deny the motion.

**II.     FACTUAL AND PROCEDURAL HISTORY**

In September 2008, a grand jury indicted Norris for armed robbery. After a July 6–7, 2009, trial, the jury found Norris and his co-defendant guilty. The trial court judge sentenced Norris to twenty-eight years in state prison. Norris filed a direct appeal, which the South Carolina Court of Appeals dismissed on April 18, 2012.

Norris filed a pro se application for Post Conviction Relief (PCR) on November 7, 2012, alleging his trial and appellate counsel had provided ineffective assistance. On September 15, 2014, Judge Roger L. Couch, the judge presiding over Norris's PCR case (the PCR court), held a hearing on Norris's application. The PCR court then asked for additional briefing.

In a September 6, 2017, order, the PCR court granted Norris's PCR application, vacated his conviction, and remanded his charges for a new trial (the PCR order). The clerk of court served the parties by mail with a copy of the order on the same date.

On September 19, 2017, the state served, in regards to the PCR order, a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and 60. The state subsequently filed the motion on September 25, 2017.

In the motion, the state says it received a copy of the PCR order on September 8, 2017. Thus, the state's September 19, 2017, service of the motion occurred eleven days after receipt of the PCR

order. After considering the merits of the state's motion, the PCR court denied it on February 15, 2019.

The state thereafter served its notice of appeal on March 1, 2019, as to the PCR order. It then filed a petition for a writ of certiorari, dated September 20, 2019. The notice of appeal stayed the PCR order such that Norris remains in custody. *See* SCACR Rule 241(a) ("As a general rule, the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order, judgment, decree or decision on appeal, and to automatically stay the relief ordered in the appealed order, judgment, or decree or decision.").

Norris, who was represented by counsel for the appeal, filed a pro se motion to dismiss the appeal, which was docketed on June 4, 2019. In the motion, as is applicable here, Norris questioned the timeliness of the state's Rule 59(e) motion and notice of appeal. The motion was summarily denied on September 19, 2019.

Although that court failed to say why it denied Norris's motion, the Court surmises the denial was based on that court's disallowance of "substantive documents, with the exception of motions to relieve counsel, filed pro se by a party who is represented by counsel." *State v. Devore*, 784 S.E.2d 690, 693 (S.C. Ct. App. 2016). In South Carolina appellate courts, "there is no right to hybrid representation." *Id*. (internal quotation marks omitted) (citation omitted).

On August 19, 2022, the South Carolina Court of Appeals granted certiorari, held oral argument on November 7, 2023, and, on December 20, 2023, issued an order reversing the PCR order, which had granted Norris's application for PCR relief.

Norris subsequently filed a petition for certiorari with the South Carolina Supreme Court, which is presently pending with that court.

While the state's appeal of the PCR order was pending with the South Carolina Court of Appeals, Norris filed this Section 2254 petition, after which, as is relevant here, Williams filed a motion to dismiss; and Norris filed a motion for an appeal bond, a motion for summary judgment, and requests for a hearing and the appointment of counsel.

As the Court mentioned above, it dismissed without prejudice the state's motion to dismiss, construed as a motion for summary judgment, Norris's motion for an appeal bond, and Norris's motion for summary judgment. In addition, the Court denied Norris's requests for a hearing and the appointment of counsel. The Court also stayed the case.

Norris next filed a motion to alter or amend the Court's Order. Thereafter, Williams filed a response in opposition, after being directed by the Court to do so. The Court subsequently appointed counsel for Norris. Norris then filed a pro se reply in support of his motion.

The Court, having been briefed on the relevant issues, is now prepared to adjudicate Norris's motion.

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 59(e), a Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*

*v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

### IV.   DISCUSSION AND ANALYSIS

Norris argues the state "filed an untimely [Rule] 59(e) motion in state court . . . causing the state court to lack jurisdiction to rule on it. The record will show . . . [the state's Rule 59(e) motion] was served on September 25, 2017, way out of time." Norris's Motion at 2. Additionally, according to Norris, "[t]he order should be reconsidered . . . to reflect . . . the state['s] appeal is void because of lack of jurisdiction." *Id*.

Williams fails to argue otherwise. Instead of candidly agreeing the state's Rule 59(e) motion and notice of appeal were untimely, however, he insists this Court lacks any authority to correct the state courts' alleged errors.

According to Williams, "this Court should find this issue is not cognizable in a federal habeas matter and deny the motion for reconsideration." Williams's Response at 3. He further states Norris failed to "raise the timeliness issue to a court in a manner that it could be addressed. He was and is represented by two seasoned attorneys at both stages of his PCR appeal, and neither of them raised the issue in a way it could be addressed." *Id*.

      A.      ***Whether the state's Rule 59(e) motion was timely such that it tolled the appellate clock***

"[T]he ten-day deadline in Rule 59(e) is an absolute deadline. A trial court does not have the power to alter or amend a final order if more than ten days passes and no Rule 59(e) motion has been served[.]" *Overland, Inc. v. Nance*, 815 S.E.2d 431, 433 (S.C. 2018). "The failure to serve a Rule 59(e) motion within ten days of receipt of notice of entry of the order converts the order into a final judgment, and the aggrieved party's only recourse is to file a notice of intent to appeal." *Id*.

As the Court noted above, the state received the PCR order on September 8, 2017. But, it waited eleven days from then, until September 19, 2017, to serve its Rule 59(e) motion to alter or amend. In other words, the state served its Rule 59(e) motion one day past the "Rule 59(e) . . . absolute deadline[ ]" of ten days. *Id*.

SCRCP 59(f) provides that "[t]he time for appeal for all parties shall be stayed by a timely motion under this Rule and shall run from the receipt of written notice of entry of the order granting or denying such motions." But, because the state's Rule 59(e) motion was untimely, the serving of that motion failed to toll the time for the state to serve its notice of appeal concerning the PCR court's September 6, 2017, order. As per the plain language of the Rule, only a timely-served Rule 59(e) tolls the time for serving notice of an appeal.

As per SCRACT 203(b)(1), "[a] notice of appeal shall be served on all respondents within thirty . . . days after receipt of written notice of entry of the order or judgment." So, because the state's Rule 59(e) motion was untimely, it had thirty days from September 8, 2017, the date it received the PCR order, to serve its notice of appeal. But, it waited until March 1, 2019, well past the thirty-day deadline.

As a result, the notice of appeal was also untimely. Accordingly, the South Carolina Court of Appeals lacked jurisdiction to consider the state's appeal. *See Camp v. Camp*, 689 S.E.2d 634, 636 (S.C. 2010) (holding service of the notice of appeal is a jurisdictional requirement, and the appellate courts lack the authority to extend or expand the time in which the notice of intent to appeal must be served).

      **B.**    *Whether the state is entitled to the five additional mailing days provided by SCRCP 6(e) to make its Rule 59(e) motion timely*

SCRCP 6(e) provides

> [w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail or upon a person designated by statute to accept service, five days shall be added to the prescribed period.

*Id*. So, Rule 6(e) comes into play only when one is supposed to do something "within a prescribed period after the service of a notice or other paper upon him[.]"

But, the ten-day time clock for the state's Rule 59(e) motion commenced on the date the state received a copy of the PCR order, on September 8, 2017, as opposed to the date the clerk of court served it on the state by mail, on September 6, 2017. Thus, Rule 6(e) is inapplicable here.

In addition, Rule 6(b) makes clear "[t]he time for taking any action under rules 50(b), 52(b), 59, and 60(b) may not be extended except to the extent and under the conditions stated in them." Rule 59 fails to provide for any extensions of the ten-day time period for serving a motion to alter or amend.

      **C.**    *Whether the state's Rule 60 motion tolled the appellate clock*

The Court notes the state also brought its motion to alter of amend under Fed. R. Civ. P. 60. The state had one year from the time the PCR court issued its September 6, 2017, order granting PCR relief to Norris to bring its Rule 60 motion. *See* SCRCP 60 ("The motion shall be made . . . not more than one year after the . . . order . . . was entered or taken."). As the Court noted above, the state served its motion on September 19, 2017, and filed it on September 25, 2017. So, the motion was timely.

But, "Rule 60 . . . [does] not toll the time for the filing and service of [a] notice of appeal." *Coward Hund Const. Co., Inc. v. Ball Corp.*, 518 S.E.2d 56, 59 (S.C. Ct. App. 1999). "Unlike timely Rule 59 motions, Rule 60 motions do not have any tolling effect on the right to appeal from the challenged judgment. Therefore, the time to appeal continues to run from the entry of the judgment that the Rule 60(b) motion challenges." 12 James W. Moore et al., Moore's Federal Practice ¶ 59.11[4][b] at 59–38 (3d ed. 1999).

Again, the state received a copy of the PCR order on September 8, 2017. Thus, as for the state's motion under Rule 60, it had thirty days from that date to serve its notice of appeal. *See* SCRACT 203(b)(1) ("A notice of appeal shall be served on all respondents within thirty . . .days after receipt of written notice of entry of the order or judgment."). But, as the Court stated earlier, the state served its notice of appeal on March 1, 2019. Therefore, the state's notice of appeal under Rule 60 was untimely, too.

      **D.**     ***Whether the Court is able to adjudicate Norris's Section 2254 petition***

It appears Norris is correct that both the state's Rule 59(e) motion and its notice of appeal were untimely. Nevertheless, until Norris has exhausted his state remedies, the Court is unable to adjudicate the claims in his petition. *See Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir.1994)

8

(denying certain claims on exhaustion principles where claims were not raised on direct appeal to the state's supreme court).  As such, the timeliness questions presented by Norris here are a determination for the South Carolina Supreme Court to make in the first instance.

And, Williams might be correct.  Norris's timeliness arguments may well be incognizable in the context of a Section 2254 petition such that this Court will be unable to do anything to correct them or provide any relief, even after Norris has exhausted his state remedies.  State court may be the only place this argument can be properly considered and remedied.

Therefore, Norris's counsel should ensure these timeliness argument are presented to the South Carolina Supreme Court immediately and without delay.

Norris's remaining arguments are so lacking in merit as to make discussion of them unnecessary.

### E. *Whether counsel for the state and counsel for Williams are in violation of the South Carolina Rules of Professional Conduct*

Although the PCR court and the South Carolina Court of Appeals could have sua sponte raised questions about the timeliness of the state's Rule 59(e) motion and notice of appeal, the Court is profoundly troubled neither counsel for Norris nor for the state did so.  Given the dispositive nature of this issue, it is inexplicable as to why they failed to do so.

Norris's counsel, of course, had an obligation to raise the matter to the state courts.  But, so did counsel for the state.  Unfortunately for Norris, however, neither his counsel nor state's counsel satisfied their most basic obligations.

Surely, the state knew their Rule 59(e) motion was due ten days after they received a copy of the PCR order on September 8, 2017, and that serving it on September 19, 2017, made it late, which subsequently made their notice of appeal untimely.  Williams is obviously aware of the time defects as well.

According to the "Candor Toward the Tribunal" section of the South Carolina Rules of Professional Conduct, "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" SCACR 3.3.

Consequently, the Court may later request briefing as to whether it is obligated to report counsel for the state's arguable breach of Rule 3.3 to the Office of Disciplinary Counsel and whether their immediate correction of their possible violation, by bringing the timeliness issues to the attention of the South Carolina Supreme Court, might ameliorate their culpability for their lack of candor.

In addition, given Williams's counsel's lack of candor when addressing the timeliness issues here, the Court may also request briefing on whether they are in violation of the South Carolina Rules of Professional Conduct and, like the state's counsel, whether their immediate correction of their possible violation, by bringing the timeliness issues to the attention of the South Carolina Supreme Court, might ameliorate their culpability for their lack of candor.

## V.     CONCLUSION

In light of the foregoing discussion and analysis, the Court is of the opinion Norris's Rule 59(e) motion must be **DENIED**. To the extent Norris moves for a certificate of appealability, such request is also **DENIED**.

As explained above, the clerk of court is instructed to substitute Earley for Williams as the respondent in this matter.

Williams shall serve a copy of this Order on Norris's appellate PCR counsel and the state's trial court and appellate PCR counsel forthwith; and he must file his certificates of service with the Court not later than June 7, 2024.

The parties shall use their own judgment as to whether to serve a copy of this Order on the

South Carolina Supreme Court, either jointly or individually. If they serve the court, they shall file their certificate[s] of service with this Court within one day of doing so.

**IT IS SO ORDERED**.

Signed this 6th day of June, 2024, in Columbia, South Carolina.

/s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Norris is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.