

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| CARNIE NORRIS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.8:21-3353-MGL |
| | § | |
| CURTIS EARLEY, *Warden*, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PETITIONER'S AMENDED PETITION**

Petitioner Carnie Norris (Norris) filed this 28 U.S.C. § 2254 petition against Respondent Curtis Earley, Warden (Earley or the State). The Court appointed counsel for Norris, who has done an excellent job representing him.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Earley's motion for summary judgment be granted and Norris's amended petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 30, 2025; and Norris filed his objections to the Report on February 27, 2025. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Here is a brief procedural history of the case, which the Court will further detail below:

> [Norris] was sentenced in 2009 to a term of imprisonment of [twenty-eight] years for the crime of armed robbery. After his direct appeal was dismissed, [Norris] Application for Post-Conviction Relief (PCR) in the Spartanburg County Court of Common Pleas (the PCR Court). In 2017, the PCR Court granted [Norris's] PCR Application and ordered . . . his conviction be vacated. The State . . . filed an appeal. In the years that followed, [Norris's] PCR appeal languished in the South Carolina appellate courts despite the PCR Court's order to vacate the conviction, all while [Norris] remained incarcerated in the custody of the SCDC. [Norris's] conviction was eventually reinstated when the South Carolina Court of Appeals reversed the PCR's Court's Order granting relief. [Norris] brings this [amended] habeas action to challenge the [holdings] of the South Carolina Court of Appeals.

Report at 1-2 (internal quotation marks omitted).

Norris raises two objections to the Report. First, he states "the Court should decline to adopt the Magistrate Judge's [Report] on Ground One because the recommendation . . . the State's Rule 59(e) motion was timely served and filed rests on at least four errors." Objections at 3 (emphasis and some capital letters omitted). In Ground One, Norris claims the South Carolina Supreme Court erred in denying his motion to dismiss the State's appeal for lack of appellate and/or subject matter jurisdiction based on the State's alleged filing of an untimely Rule 59(e) motion and notice of appeal.

The Court will consider each of the four alleged errors in turn.

2

First, according to Norris, "the Magistrate Judge erroneously relied on [Norris's[ argument in the original Petition[,]" *Id*.  "Specifically," according to Norris, "the Magistrate Judge cited the Original Petition stating that '[a]ccording to [Norris], the State did not file its Rule 59(e) motion until September 25, 2017, which was "way out of time."'" Objections at 4 (quoting Report at 16 (quoting Norris's Motion for Reconsideration at 2)).  "Norris maintains his argument in the Amended Petition is more nuanced."  *Id*.

But, Norris is mistaken.  From the citation above, one can see the Magistrate Judge cited to Norris's motion for reconsideration of the Court's August 25, 2023, Order, as opposed to his Original Petition.  But, this is all inconsequential.

Here is a brief chronology of the relevant events, as set forth by the Magistrate Judge:

> The PCR Court issued its Order vacating [Norris's] conviction and granting a new trial on September 6, 2017.  The parties agree . . . the State received written notice of the entry of the PCR Court's Order on September 8, 2017.
>
> * * * * *
>
> After the State received written notice of the PCR Court's Order granting relief to [Norris], the State filed a letter dated September 12, 2017, with the Spartanburg County Clerk of Court indicating the State was filing a Rule 59(e) motion.  The State's [Original] Rule 59(e) motion, dated September 12, 2017, was attached to the letter for filing.  An affidavit of service dated September 12, 2017, shows . . . a copy of the State's [Original] Rule 59(e) motion was served on [Norris's] counsel, Attorney John Brandt Rucker, by placing it in the United States mail that same day.  The State's original Rule 59(e) motion was clocked by the Spartanburg County Clerk of Court on September 15, 2017.  However, the clocked time stamp was voided with another stamp, "VOID CLOCKED IN ERROR."  On September 15, 2017, the Spartanburg County Clerk of Court returned the State's [Original] Rule 59(e) motion, explaining the State had listed the wrong case number. On September 19, 2017, the State filed a second letter, dated September 19, 2017, with the Spartanburg County Clerk

> of Court to file a "corrected original" Rule 59(e) motion. The State's corrected Rule 59(e) motion, also dated September 19, 2017, was attached to the letter for filing. An affidavit of service dated September 19, 2017, shows . . . a copy of the State's corrected Rule 59(e) motion was served on [Norris's] counsel by placing it in United States mail that same day. The State's corrected Rule 59(e) motion was clocked by the Spartanburg County Clerk of Court on September 25, 2017.

Report at 17, 19-20 (citations omitted).

Norris contends the "evidence indicates . . . the State knew . . . it did not properly serve the Original Rule 59(e) Motion." Objections at 4. The Court is unpersuaded.

It is true that, when the Court earlier considered the timeliness of the State's Rule 59(e), the State failed to mention anything about the timeliness of its Original September 12, 2017. Norris thinks "the reason it did not make this argument originally is because [it] did not consider the service of the Original Rule 59(e) Motion to be proper." Objections at 5. But, even if that is true, it fails to establish whether the service was indeed proper.

From the Court's de novo review of the record, however, it concludes the State's service of its Original Rule 59(e) motion was timely inasmuch as it was served within the ten-day window required by South Carolina Rule of Civil Procedure 59(e). The fact the State's Original Rule 59(e) motion listed the wrong case number is immaterial.

Second, Norris contends "the Magistrate Judge erroneously found . . . the State's defect in its Original 59(e) Motion was a scrivener's error[.]" Objections 3-4.

Norris states, "if [the State] genuinely believed . . . the Original Rule 59(e) Motion was properly served, it would not have re-served the motion." Objections at 6. According to Norris, "[t]here is substantial evidence that establishes . . . the State never asserted or believed . . . it timely

4

served its Original Rule 59(e) Motion at any point in this case before now.  Therefore, the Magistrate Judge erred in finding . . . the service of the Original Rule 59(e) Motion was timely[.]" *Id.*

But, the Court's decisions are, of course, based on the law, as opposed to what the State, or any other party, believes or asserts.  And, the law is scrivener's errors in Rule 59(e) motions are unimportant.  *See Chastain v. Hiltabidle*, 673 S.E.2d 826, 830 (S.C. Ct. App. 2009) ("Although [the plaintiff's] Rule 59(e) motion is technically insufficient to preserve [a particular issue because of a scrivener's error], this Court will not apply the rules of error preservation so rigidly as to bar an otherwise properly presented issue.").

Third, Norris says "the Magistrate Judge did not view the facts in the light most favorable to [Norris], the non-moving party[.]" Objections at 4.  According to Norris, "[t]he Magistrate Judge . . . erroneously viewed the issue of service in the light most favorable to the State by adopting the State's new and unsupported argument . . . the State's service of the Original Rule 59(e) Motion was timely."

As the Court already detailed above, the State received the PCR court's order granting Norris's application on September 8, 2017.  It served its Original Rule 59(e) motion on September 12, 2017, within the Rule 59(e) ten-day time period for doing so.  Thus, it was timely under any view of the facts of this case.

And fourth, Norris alleges "the Magistrate Judge improperly characterized this jurisdictional issue as an unreviewable procedural question."  Objections at 4.  But, this was an alternative suggestion.  In the Report, the Magistrate Judge stated, "Even if this Court were to find . . . [the State's] Rule 59(e) motion was untimely, [Norris's] argument . . . the state court lacked jurisdiction would not support federal habeas relief."  Report at 21.  Because the Court concludes the State's

5

Original Rule 59(e) motion was timely, it is unnecessary for it to consider this alterntive suggestion.

For all these reasons, the Court will overrule Norris's first objection.

In Norris's second objection, he maintains "the Court should decline to adopt the Magistrate Judge's [Report] on Ground [Three] because the Magistrate Judge did not view the evidence in the light most favorable to . . . Norris." Objections at 7 (emphasis and some capital letters omitted). In Ground Three, Norris alleges the "PCR judge correctly determine[d] trial counsel provided ineffective assistance of counsel . . . [inasmuch as] [t]rial counsel failed to object to the admission of [Norris's] prior convictions of burglary and robbery during his trial for armed robbery based upon the PCR judge[']s proper analysis of the five factor test for determining the admissibility of the prior convictions pursuant to Rule 609(a), SCRE." Norris's Petition at 9.

Norris maintains "the Magistrate Judge failed to consider . . . the evidence . . . appears overwhelming [only] if the jury believed the witnesses' accounts of what happened over [his] account; thus, the outcome would have been different if [his] trial counsel did not improperly admit [his] prior armed robbery convictions." Objections at 7.

In the Court of Appeals' opinion, it stated as follows:

> Whether the improper introduction of this evidence is harmless requires us to look at the other evidence admitted at trial to determine whether the defendant's 'guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached.'" *State v. Broadnax*, 414 S.C. 468, 479, 779 S.E.2d 789, 794 (2015) (quoting *State v. Brooks*, 341 S.C. 57, 62–63, 533 S.E.2d 325, 328 (2000)). Here, Victim and two witnesses testified Norris threatened Victim with a knife and took his wallet. They all identified the knife that was found on Norris as the same knife he used to threaten them. Officer James and Officer Guest responded separately to a call for a disturbance with weapons, indicating the presence of a knife. Officer James saw Norris standing over Victim in an intimidating manner. The witnesses saw Norris walk from Victim to the porch across the street, where his co-defendant handed police the items from Victim's wallet a few

> minutes later. Accordingly, we find the evidence admitted at trial shows
> Norris's guilt was conclusively proven by competent evidence, such that
> the jury could reach no other rational conclusion.

*Norris v. State*, No. 2019-334, 2023 WL 8802946, at *3 (S.C. Ct. App. Dec. 20, 2023).

The Court agrees with the Magistrate Judge: "Upon review of the arguments before the Court, the [Court holds Norris] has not shown . . . the South Carolina Court of Appeals' reversal of the PCR Court's grant of relief was objectively unreasonable or "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Report at 27 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Or, put another way, as the Magistrate Judge noted, Norris "has shown neither that the South Carolina Court of Appeals improperly applied clearly established federal law nor based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." Report at 29. "Further, the South Carolina Court of Appeals properly applied its own state law to the facts of this case. [Norris] is not entitled to habeas corpus relief based on Ground Three." *Id.*

Consequently, the Court will also overrule Norris's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Norris's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of this Court Earley's motion for summary judgment is **GRANTED**, and Norris's amended petition is **DENIED**.

.    To the extent Norris moves for a certificate of appealability, such request is **DENIED**.

7

**IT IS SO ORDERED**.

Signed this 13th day of March, 2025, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE